# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1629 | **DATE** | 9/24/2004 |
| **CASE TITLE** | IRENE TALAVERA vs. METABOLIFE INTERNATIONAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Metalolife's motion to dismiss [doc. no. 4-1] in its entirety. Status hearing set for 10/1/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 2004 SEP 24 AM 9:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**SEP 2 4 2004**

| | |
|---|---|
| IRENE TALAVERA, ) | |
| ) | |
| Plaintiff, ) | 04 C 1629 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| METABOLIFE INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Irene Talavera has sued Defendant Metabolife International, Inc. ("Metabolife") and alleges in her First Amended Complaint ("complaint") strict product liability for design defect (Count I), strict product liability for marketing defect (Count II), breach of warranty (Count III), negligence (Count IV), as well as fraud and deceit (Count V). Before the Court is Metabolife's motion to: (1) dismiss Count V pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted because plaintiff has not pleaded fraud with particularity as required by Rule 9(b); (2) dismiss pursuant to Rule 12(b)(6) paragraph 30 of the complaint which seeks punitive damages; and (3) strike certain portions of the complaint pursuant to Rule 12(f). For the reasons set forth in this Memorandum Opinion and Order, the Court denies the motion in its entirety.

## FACTS

Plaintiff began taking Metabolife 356 E-Z Tab as directed in December 2001. (First Am. Compl. ¶ 7.) As a result of ingesting Metabolife 356 E-Z Tab, Plaintiff suffered a stroke on March 1, 2001, which resulted in brain damage. (*Id.*)

14

Metabolife 356 E-Z Tab had been designed, manufactured and marketed by Defendant as a dietary supplement. (*Id.* ¶ 8.) Defendant represented that the product had been "independently laboratory tested for safety." (*Id.*) In a nationwide advertising campaign, Defendant represented that Metabolife 356 E-Z Tab was a convenient and scientifically and medically safe way to lose weight and get energy. (*Id.* ¶ 9.)

Defendant claimed that Metabolife 356 E-Z Tab had been tested and proven medically safe for human consumption "based on multi-species clinical laboratory testing." (*Id.* ¶ 11.) However, Defendant did not adequately test the product before promoting use of Metabolife 356 E-Z Tab. (*Id.* ¶ 13.) Defendant understated the health hazards associated with the pill and encouraged the belief that the product had been tested for safety and medically proven safe by several university studies. (*Id.* ¶ 12.)

In fact, Metabolife 356 E-Z Tab can raise blood pressure, increase heart rate, cause seizures, strokes, brain injury, heart failure, and sudden death. (*Id.* ¶ 13.) Defendant learned of the potential adverse effects before Plaintiff took Metabolife 356 E-Z Tab, but it did not issue any warning or recall regarding the product before Plaintiff began taking Metabolife 356 E-Z Tab. (*Id.*)

As of April 26, 2004, the Department of Justice was conducting an investigation of Defendant for omissions and false information provided to the Food & Drug Administration pertaining to instances of harm suffered by Metabolife consumers. (*Id.* ¶ 10.) Ephedra, an ingredient of Metabolife 356 E-Z Tab, has since been banned in over-the-counter products. (*Id.* ¶ 15c, 14.) Before founding Metabolife International, Inc., two of the founders had previously pleaded guilty to felony charges associated with the operation of a methamphetamine laboratory. (*Id.* ¶ 10.)

## DISCUSSION

Defendant moves to dismiss various parts of the complaint. Defendant contends that Count V should be dismissed pursuant to Rules 9(b) and 12(b)(6) for failure to plead fraud with particularity and failure to state a claim upon which relief can be granted. Defendant also moves to dismiss Paragraph 30 of the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Finally, Defendant moves to strike certain paragraphs of the complaint pursuant to Rule 12(f).

### I.     Count V: Fraud

Normally all that is required to plead a cause of action in federal court is a short plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In this case, however, Plaintiff alleges fraud. The elements of common law fraud are: (1) a false representation of material facts as opposed to opinion; (2) made by one who knew or believed the representation to be untrue; (3) made to a party who had a right to rely on the representation and, in fact, did so; (4) made for the purpose of inducing the other party to act, or to refrain from acting; and (5) that led to injury to the person who relied on it. *McCarthy v. PaineWebber, Inc.*, 618 F. Supp. 933, 941 (N.D. Ill. 1985).

When a plaintiff alleges fraud, the cause of action must be pleaded with particularity. FED. R. CIV. P. 9(b). The purpose of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the

3

plaintiff." *Zaptron (HK) Ltd., v. Air Sea Transp., Inc.*, 221 F.R.D. 482, 484 (7th Cir. 2004) (citing *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003)). By requiring the plaintiff to allege the who, what, where and when of the alleged fraud, the rule requires the plaintiff to conduct an investigation in sufficient depth to assure that the charge of fraud is responsible and supported. *Ackerman*, 172 F.3d at 470. The plaintiff need not identify a specific individual where the only defendant is a corporation. *Zaptron*, 221 F.R.D. at 484. The plaintiff does not have to allege the exact time the fraud took place, and an approximate time frame will suffice. *Hernandez v. Childers*, 736 F. Supp. 903, 912 (N.D. Ill. 1990).

Plaintiff clearly identifies Metabolife as the entity making false representations. (First Am. Compl. ¶ 23.) Plaintiff alleges that Defendant represented through promotional materials and advertisements (¶ 21), package insert and instructions (¶ 16d), and labeling (¶ 16e), that Metabolife 356 E-Z Tab had been clinically and laboratory tested and medically proven safe for consumption (¶ 22), when, in fact, these statements were false and Defendant knew they were false (¶ 23). Plaintiff alleges the fraudulent statements were made between December 2001 and March 2002. (*Id.* ¶ 22).

Contrary to Defendant's contention, Plaintiff is not required to describe the content of the testing to prove that Defendant's statements were fraudulent. A recognized exception to the Rule 9(b) pleading requirement for fraud may be applied where "the plaintiff may not have access to all the facts necessary to detail his claim." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *see Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1051 (7th Cir. 1998). "[W]hen information giving rise to . . . fraud is exclusively held by defendants, the particularity requirement of Rule 9(b) is relaxed." *U.S. Sec. Exchange Comm'n v. Santos*, 292 F. Supp. 2d 1046, 1051 (N.D. Ill. 2003).

Therefore, in the instant case, rather than present evidence of testing procedures demonstrating that Defendant's representations were false, it is sufficient for the Plaintiff to allege that Defendant's representations concerning the safety and testing of Metabolife 356 E-Z Tab were false. Plaintiff has alleged that as of April 26, 2004, the Department of Justice was conducting an investigation of Defendant for omissions and false information provided to the Food & Drug Administration ("FDA") pertaining to instances of harm suffered by Metabolife consumers. (First Am. Compl. ¶ 10.) Plaintiff also alleges that Ephedra, an ingredient of Metabolife 356 E-Z Tab, has since been banned in over-the-counter products. (*Id.* ¶¶ 15c, 14.) Given that Metabolife's purported test results regarding the safety of the 356 E-Z Tab are exclusively in Defendant's possession, and that the FDA's investigation results are alleged to still be pending, the exception to Rule 9(b) applies, and Plaintiff has sufficiently pleaded fraud as required.

Further, Defendant claims that Plaintiff fails to allege that harm resulted from her reliance on the false statements made by Defendant. The Court disagrees. Plaintiff has pleaded that Defendant falsely represented material facts (First Am. Compl. ¶ 22), that Defendant knew those facts to be untrue (¶ 23), that Defendant intended Plaintiff to rely on the misrepresentations to sell a product and Plaintiff did so rely (¶¶ 24, 25), and that Plaintiff suffered a stroke as a result of her reliance on Defendant's misrepresentations (¶ 26).

In sum, Plaintiff has sufficiently pleaded the elements of a cause of action for fraud, and Plaintiff has pleaded the alleged fraud with the particularity required. Accordingly, the Court denies Defendant's motion to dismiss Count V pursuant to Rule 12(b)(6) and Rule 9(b).

**II.     Paragraph 30: Request for Punitive Damages**

Next, Defendant moves to dismiss paragraph 30 of the complaint, in which Plaintiff seeks punitive damages for breach of warranty. Defendant argues that because punitive damages are unavailable in breach of warranty actions, Plaintiff has failed to state a claim upon which relief can be granted.

Breach of implied warranty is an action under contract. *See Alfred N. Koplin & Co., Inc. v. Chrysler Corp.*, 364 N.E.2d 100, 103 (Ill. App. Ct. 1977). In Illinois, the general rule is that punitive damages cannot be recovered in an action for breach of contract. *Alsip Homebuilders, Inc. v. Shusta*, 284 N.E.2d 509, 512 (Ill. App. Ct. 1972). The exception to this rule is that "[p]unitive damages are recoverable 'when the conduct causing the breach is also a tort for which punitive damages are recoverable.'" *McNair v. McGrath Lexus-Colosimo*, 11 F. Supp. 2d 990, 993 (N.D. Ill. 1998) (quoting *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 492 N.E.2d 181, 184 (Ill. 1986)). Thus, a plaintiff may recover punitive damages "where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression." *Morrow*, 492 N.E.2d at 184.

In this case, Plaintiff states a claim for fraud, and Plaintiff has pleaded this tort independently of the breach of warranty claims. Plaintiff alleges that Defendant acted maliciously and that Defendant's malice "warrants the imposition of exemplary damages." (First Am. Compl. ¶ 30.) Because the Plaintiff alleges a tort independent of the claim for breach of warranty and alleges that Defendant acted maliciously, Plaintiff's claim for punitive damages meets the standard set forth in *Morrow*, and may stand. The Court thus denies Defendant's motion to dismiss Paragraph 30 of the complaint.

### III. Motion to Strike Paragraphs Pursuant to Rule 12(f)

Defendant moves to strike paragraphs 7, 9, 10, 12, 13, 14, 15, 16, 17, 18 and 21 ("certain paragraphs") from the complaint pursuant to Rule 12(f), which allows a court to strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). Defendant correctly states that certain paragraphs which Plaintiff incorporates into subsequent counts of her complaint are not related to those particular causes of action. However, Rule 8(a) provides for a general standard of pleading that does not require a party to identify technically which specific fact paragraphs correspond to the related count. In the interest of maintaining the liberal standard espoused by the Federal Rules of Civil Procedure, the Court denies Defendant's motion to strike certain paragraphs of the complaint.

## CONCLUSION

For the reasons set forth above, the Court denies Metabolife's motion to dismiss [doc. no. 4-1] in its entirety.

**SO ORDERED**

ENTERED: 9/24/04

HON. RONALD A. GUZMAN
**United States Judge**